OPINION OF THE COURT
 

 PER CURIAM:
 

 In this case the government concedes that “The district court erred in concluding that the offense of conviction, the term used in U.S.S.G. § 4B.1, was possession of more than 500 grams of cocaine.” As the government notes “the offense- to which Delviscovo pled guilty — was possession of
 
 less
 
 than 500 grams of cocaine.” (Emphasis added). “The government agrees that the case should be remanded for resentenc-ing.” (Appellee’s Brief at 7.)
 

 Nicholas Delviscovo pled guilty to count 3 of an indictment which charged that on March 26, 1990, he distributed and possessed with intent to distribute 14 ounces
 
 (less
 
 than 500 grams) of cocaine. (A8.) At the plea hearing, he admitted exactly what was charged,
 
 i.e:,
 
 distribution of 14 ounces of cocaine on that date. (A30.) Thus, the offense of conviction was possession and distribution of less than 500 grams of cocaine on March 26, 1990.
 

 The appellant, Delviscovo, raises the following issues:
 

 1. Whether the due process rights of defendant were violated by the court’s erroneous application of the sentencing guidelines and by the court’s imposition of a penalty for which the indictment did not contain proper notice?
 

 2. Whether defendant’s due process rights were violated by the court’s imposition of a sentence and the prosecution’s urging of a sentence in excess of the maximum amount specified by the plea agreement?
 

 3. Whether the court violated the Eighth Amendment rights of defendant and his rights under the Federal Sentencing Guidelines by its refusal to depart downward from the sentencing guidelines found applicable under the career offender provisions of the sentencing guidelines?
 

 If the court had imposed a statutory maximum at an offense level of 32 under § 4B1.1 of the Sentencing Guidelines it is not clear whether Delviscovo would have made any claim that he was entitled to a downward departure under the Federal Sentencing Guidelines. As imposed, the sentence was erroneous as a matter of law. We will therefore vacate the sentence imposed and remand the case for resentenc-ing.
 
 [1]
 

 [1]
 

 . If there are any other claims that Delviscovo has when this matter is heard for resentencing, he should raise those issues with the sentencing judge at that time.